IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| INSIGHT TRADING, LLC<br>Plaintiff, | § § § | |
| v. | § § | C.A. NO. _____<br>Admiralty Rule 9(h) |
| M/V SANKO MERMAID, her engines,<br>tackle, boilers, etc. | § § § | |
| v. | § § | |
| SK SHIPPING CO., LTD.,<br>THE SANKO STEAMSHIP CO., LTD.,<br>AND GALLOP MARINE, INC.<br>Defendants. | § § § § § | |

## COMPLAINT

1. Plaintiff, Insight Trading, LLC ("Insight") by its attorneys, Hill Rivkins LLP, complaining of the M/V Sanko Mermaid, SK Shipping Co., Ltd., The Sanko Steamship Co., Ltd., and Gallop Marine, Inc. (collectively "Defendants"), alleges upon information and belief:

### A.

2. This is an admiralty or maritime claim within the meaning of 28 U.S.C. § 1333 and Rule 9(h) of the Federal Rules of Civil Procedure.

### B.

3. At and during all the times hereinafter mentioned, Insight was the consignee and owner of the cargo in question and brings this action on its own behalf and on behalf of all who may become interested in the cargo. Insight had and now has the legal status and principal office and place of business stated in Schedule A attached.

**C.**

4.      At and during all the times hereinafter mentioned, Defendants had and now have the legal status and offices and places of business stated in Schedule A. They were, and now are, engaged in business as common carriers of merchandise by water for hire, and owned, operated, managed, chartered and controlled the above-named vessel which now is, or will be, within the jurisdiction of this Court during the pendency of this action.

**D.**
**COUNT 1 – CARRIAGE OF GOODS BY SEA ACT**

5.      On or about August 29, 2010, at Manila, Philippines, the M/V Sanko Mermaid and Defendants received, in good order and condition, the shipment described in Schedule A, which the vessel and Defendants accepted and agreed to transport for certain consideration to the Port of Houston, Texas.

**E.**

6.      Thereafter, the vessel arrived at the Port of Houston, where the cargo was found physically damaged. On information and belief, Defendants breached, failed and violated their duties and obligations as common carriers and were otherwise at fault.

**F.**
**COUNT 2 – BAILMENT**

7.      Plaintiff further alleges, in the alternative and without waiving the above cause of action, that all Defendants were bailees of Plaintiff's cargo described in Schedule A. Defendants delivered the cargo described in Schedule A in a damaged condition which did not exist at the time of Plaintiff's/bailor's delivery to the bailee as described in Schedule A. Defendants breached their duties and obligations as bailees and were negligent.

**G.**

8. Plaintiff was the shipper, consignee and/or owner of the shipment and brings this action on its own behalf and, as agent and trustee, on behalf of and for the interest of all parties who may be or become interested in the shipment, as their respective interests may ultimately appear, and Plaintiff is entitled to maintain this action.

**H.**

9. Plaintiff has duly performed all duties and obligations on its part to be performed.

**I.**

10. By reason of the above-stated premises, Plaintiff has sustained damages, as nearly as same can now be estimated, no part of which has been paid although duly demanded, in the amount of THIRTEEN THOUSAND FOUR HUNDRED FORTY AND 33/100 DOLLARS ($13,440.33).

**J.**

11. All and singular the premises are true and within the admiralty, maritime, and pendent jurisdiction of the United States and of this Honorable Court.

Plaintiff prays:

1. That summons in due form of law may issue against defendants;

2. That a judgment may be entered in favor of plaintiff against defendants, one or more of them, for the amount of plaintiff's damages together with interest and the costs and disbursements of this action;

3. That process in due form of law according to the practice of this court in causes of admiralty or maritime jurisdiction may issue against said the vessel, her engines, etc., and that all persons having or claiming any interest therein be cited to

appear and answer under oath all and singular the matters stated, and this court will be pleased to pronounce a judgment in favor of plaintiff for damages together with interest, costs and disbursements, and the motor vessel may be condemned and sold to pay therefor; and

4. That this court will grant to plaintiff such other and further relief as may be just and proper.

                                                   Respectfully submitted,

                                                   /s/ Sara Banks
                                                   DANA K. MARTIN
                                                   Texas Bar No. 13057830
                                                   SDTX I.D. No. 126
                                                   SARA M. BANKS
                                                   Texas Bar No. 24064861
                                                   SDTX I.D. No. 959003
                                                   HILL RIVKINS LLP
                                                   55 Waugh Drive, Suite 1200
                                                   Houston, Texas 77007
                                                   Telephone:   (713) 222-1515
                                                   Direct Line:   (713) 457-2286
                                                   Telefax:      (713) 222-1359
                                                   E-mail: dmartin@hillrivkins.com
                                                   E-mail: sbanks@hillrivkins.com

                                                   ATTORNEYS FOR PLAINTIFF
                                                   INSIGHT TRADING LLC

## VERIFICATION

THE STATE OF TEXAS        *
                          *
COUNTY OF HARRIS          *

Sara M. Banks, being duly sworn, deposes and says:

I am an attorney and associate with the firm of Hill Rivkins LLP, attorneys for Plaintiff. I am over twenty-one (21) years of age and fully competent to make this Verification. I have read the foregoing Complaint and know its contents. The Complaint is true to my knowledge, except as to the matters stated in the Complaint to be based on information and belief, and as to those matters, I believe them to be true.

The source of my information and the grounds for my belief as to those matters stated in the Complaint, to be alleged on information and belief, are documents and records in my files.

_____
Sara M. Banks

Subscribed and sworn to before me, the undersigned authority, this 3rd day of June, 2011

_____
Notary Public, State of Texas
My Commission Expires 3-30-12

GRACE R. SOLIS
Notary Public, State of Texas
My Commission Expires
March 30, 2012

## SCHEDULE A

## LEGAL STATUS AND PLACE OF BUSINESS OF PARTIES

Plaintiff, **Insight Trading, LLC,** was and now is a corporation with an office and place of business at:

2207 Concord Pike, Box 539
Wilmington, DE 19803

**M/V Sanko Mermaid,** was at all material times a bulk carrier sailing under the Liberia flag. The vessel was built in 2009, its call sign is A8TF7, and its gross tonnage is 30,488 tons.

Defendant, **SK Shipping Co., Ltd** was and now is a Korean corporation, or similar entity with a Texas Certificate of Authority to do business, with power to sue and be sued, which regularly does business in Texas and/or the United States as a common carrier of goods, which does maintain a Texas designated agent on whom service may be made, and thus may be served through its registered agent for the State of Texas:

Jeong Hwa Lee
9400 New Century Drive
Pasadena, TX 77507

or through any of its officers or directors at its local office:

6200 Savoy Drive, Suite 900
Houston, TX 77036-3346.

Defendant, **The Sanko Steamship Co., Ltd.,** was and now is a foreign corporation, or similar entity, with power to sue and be sued, which regularly does business in Texas and/or the United States as a common carrier of goods, which does not maintain a designated agent in Texas upon whom service may be made, and thus may be served through F.R.C.P. 4(k)2, or through the Secretary of State of Texas under Texas Long-Arm Statute, Tex. Civ. Prac. & Rem. Code § 17.044 et. seq., in care of its home offices:

Commercial Business Division
2nd Floor Hibiya Kokusai Building 2-3
Uchisaiwai-cho 2 Chome Chiyoda-ku
Tokyo 100-0011 Japan

Defendant, **Gallop Marine, Inc.,** was and now is a foreign corporation, or similar entity, with power to sue and be sued, which regularly does business in Texas and/or the United States as a common carrier of goods, which does not maintain a designated agent in

Texas upon whom service may be made, and thus may be served through F.R.C.P. 4(k)2, or through the Secretary of State of Texas under Texas Long-Arm Statute, Tex. Civ. Prac. & Rem. Code § 17.044 et. seq., in care of its home offices:

80 Broad Street
Monrovia, Liberia

## **DESCRIPTION OF SHIPMENT**

| | |
|---|---|
| Vessel: | M/V Sanko Mermaid |
| Date of Shipment: | August 29, 2010 |
| Port of Shipment: | Manila, Philippines |
| Port of Discharge: | Houston, Texas |
| Shipper: | HLD Clark Steel Pipe Co., Inc. |
| Consignee: | Insight Trading, LLC |
| Description of Shipment: | ERW Steel Pipe |
| Nature of Loss or Damage: | Physical damage |
| Amount: | $13,440.33 |